performed. I conclude that a factfinder could reasonably infer that McCormack was the man identified by plaintiff's coworker.

Furthermore, plaintiff's coworker averred that there was a separate contractor working on the upper roof, i.e., the area that the insulation upon which plaintiff tripped came from. In the absence of any evidence concerning the nature of the relationship between defendant and that unidentified contractor, a question of fact also remains whether defendant had "supervisory control and authority over the work being done" by that contractor (*id.* at 864). Although defendant submitted proof that there were no contractors other than plaintiff's employer performing roofing work, we must view the evidence in the light most favorable to plaintiffs, the nonmoving parties (*see Nichols v Xerox Corp.*, 72 AD3d 1501, 1502 [2010]).

Because a question of fact remains whether defendant had supervisory control over the work on the roof, the court erred in granting that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action (*see Walls*, 4 NY3d at 864; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). For the same reason, I conclude that the court properly denied defendant's motion with respect to the section 200 and common-law negligence causes of action (*see Comes*, 82 NY2d at 877). Present—Scudder, P.J., Centra, Carni, Sconiers and Whalen, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. HINTON, JR., Appellant. [982 NYS2d 808]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Peradotto, Lindley and Sconiers, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERT JACKSON, Appellant. [982 NYS2d 807]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Fahey, Peradotto and Whalen, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHON LUCIUS, Appellant. [982 NYS2d 808]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Peradotto, Carni and Whalen, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HINTON, Appellant. (Appeal No. 1.) [982 NYS2d 808]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Peradotto, Lindley and Sconiers, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HINTON, Appellant. (Appeal No. 2.) [982 NYS2d 808]—

Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Peradotto, Lindley and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY L. WINTERS, Appellant. [982 NYS2d 808]—Motion for reargument denied. Present—Scudder, P.J., Smith, Peradotto and Lindley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEL T. WILKINS, Also Known as MELZER WILKINS, Also Known as MELZEE WILKINS, Appellant. [982 NYS2d 808]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Fahey, Lindley, Sconiers and Valentino, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYQUAN L. RIVERA, Appellant. [982 NYS2d 808]—Motion for reargument denied. Present—Scudder, P.J., Centra, Carni, Lindley and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COLE, Appellant. [982 NYS2d 797]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Smith, Fahey, Sconiers and Valentino, JJ.

■ LAURA HARDEN, Appellant, v JAMES W. FAULK, M.D., Respondent. [987 NYS2d 274]—Motion insofar as it seeks in the alternative leave to appeal to the Court of Appeals is denied and the motion insofar as it seeks leave to reargue is granted in part and, upon reargument, the memorandum and order entered November 15, 2013 (111 AD3d 1380 [2013]) is amended by deleting the first two sentences of the third paragraph of the memorandum and substituting the following in place thereof: "Contrary to plaintiff's further contention, the court properly denied her motion for a directed verdict at the close of proof. Sufficient conflicting factual and expert proof was presented at trial and, '[a]ccording defendant[ ] every favorable inference from the evidence, there was indeed a rational process by which the jury could find in [his] favor' (Wolfe v St. Clare's Hosp. of Schenectady, 57 AD3d 1124, 1126 [2008])." Present—Scudder, P.J., Smith, Fahey, Sconiers and Valentino, JJ.

■ In the Matter of the Estate of ROBYN R. LEWIS, Deceased. JAMES ROBERT SIMMONS, Respondent; MEREDITH M. STEWART et al., Appellants. (Appeal No. 1.) [982 NYS2d 807]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Scudder, P.J., Fahey, Peradotto, Lindley and Valentino, JJ.

■ In the Matter of the Estate of ROBYN R. LEWIS, Deceased. JAMES ROBERT SIMMONS, Respondent; MEREDITH M. STEWART et